70 A.3d 601

IN THE MATTER OF DAVID A. LEWIS, AN ATTORNEY
AT LAW (ATTORNEY NO. 029491985).

July 11, 2013.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 12–410, concluding that as a matter of final discipline pursuant to *Rule* 1:20–13(c)(1), **DAVID A. LEWIS of MORRISTOWN,** who was admitted to the bar of this State in 1985, and who has been suspended from practice of law since December 15, 2011, should be suspended from the practice of law for a period of two years based on respondent's guilty plea in the

United States District Court for the District of New Jersey to knowingly and willfully subscribing to a false federal income tax return in contravention of 26 *U.S.C.A.* § 7206(1), conduct that violates *RPC* 8.4(b) (criminal act that reflects adversely on a lawyer's honesty, trustworthiness or fitness as a lawyer);

And the Disciplinary Review Board having determined that the term of suspension should be retroactive to December 15, 2011, the date of respondent's temporary suspension from practice pursuant to *Rule* 1:20–13(b)(1);

And good cause appearing;

It is ORDERED that **DAVID A. LEWIS** is suspended from the practice of law for a period of two years, retroactive to December 15, 2011, and until the further Order of the Court, and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.